**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS GIEBEL, | No. 08-36061 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-00032-RKS |
| v. | |
| MARY KAY BONILLA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Keith Strong, Magistrate Judge, Presiding[**]

Submitted November 16, 2010[***]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Douglas Giebel appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional violations arising from a sexual

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument and therefore denies Giebel's request. *See* Fed. R. App. P. 34(a)(2).

harassment complaint filed against him after the expiration of his employment as an adjunct university professor. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals based on Eleventh Amendment immunity and for failure to state a claim. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed under the Eleventh Amendment Giebel's claims for damages against defendants that are arms of the State of Montana or who are state officials sued in their official capacities. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

The district court properly dismissed Giebel's due process claim based on his alleged property interest in employment at the university because he admits that he was a former employee whose contract had expired. *See Bd. of Regents v. Roth*, 408 U.S. 564, 578 (1972) (professor hired for one year and not rehired did not have property interest in continued employment).

To the extent Giebel's due process claim was based on his liberty interest in his reputation, the district court properly dismissed the claim because Giebel admits that he received notice of the sexual harassment allegations and "an opportunity to refute the charge." *Id.* at 573 & n.12 ("The purpose of such notice and hearing is to provide the person an opportunity to clear his name.").

Giebel has waived claims not argued in his opening brief.  *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

Giebel's remaining contentions are unpersuasive.

**AFFIRMED.**